[S. F. No. 932.   Department Two.—September 6, 1899.]

E. J. CASEY, Respondent, v. JOSEPH LEGGETT, Appellant, and Others, Defendants.

FRAUDULENT CONVEYANCE—FINDINGS—CONSIDERATION—SUFFICIENCY OF EVIDENCE—REVIEW UPON APPEAL.—Where a conveyance by an insolvent debtor to his brother, antedating an attachment and execution sale of the interest of the debtor, was assailed as fraudulent by the execution purchaser, a finding that the conveyance was executed for a valuable consideration in payment of large indebtedness of the debtor to his brother, is sufficiently supported by their testimony to such consideration, if not contradicted or impeached otherwise than by its own weakness, though it may seem in some respects inherently improbable to the appellate court, which cannot substitute its opinion upon the weight of testimony for that of the trial court sitting as a jury to try the case.

ID.—DELIVERY OF DEED TO ATTORNEY OF GRANTEE.—A finding that the deed was delivered to the brother as grantee is sufficiently supported by testimony that it was drafted by his attorney at his request, and forwarded to the grantor for execution, and was returned to the attorney and held by him for the grantee after its execution.

ID.—PRESUMPTION OF TITLE—BURDEN OF PROOF AS TO FRAUD.—The deed having been executed for a valuable consideration and delivered to the grantee, the law presumes that the title was rightfully acquired by him; and the burden of proof is upon the execution purchaser to show that it was conveyed with fraudulent intent on the part of the grantor, and that the grantee purchased with knowledge of such fraudulent intent, or under

such circumstances as to put him upon inquiry as to the fraud of the grantor, and was not taken by him in good faith.

ID.—GOOD FAITH OF GRANTEE—SUPPORT OF FINDING—ABSENCE OF PROOF.—A finding in favor of the good faith of the grantee as a purchaser for value without notice of fraud on the part of the grantor, is supported by the absence of proof of facts and circumstances putting him on inquiry as to such fraud.

ID.—CIRCUMSTANTIAL PROOF OF FRAUD—SUSPICION INSUFFICIENT.—Fraud may be proved by circumstantial evidence, but evidence of the facts and circumstances from which fraud may be inferred must amount to proof of fraud; and to create a mere suspicion thereof is not sufficient to overcome the presumption of law in favor of the fair dealing of the parties.

ID.—IMMATERIAL FINDING—INTENT OF GRANTOR.—Where the court finds that the grantee was a bona fide purchaser for value without notice of any fraud on the part of the grantor, a finding as to the intent of the grantor in making the conveyance is immaterial.

ID.—ISSUE AS TO CONSIDERATION—CONJUNCTIVE DENIAL—TRIAL OF ISSUE—OBJECTION UPON APPEAL.—The objection that no issue was raised upon an averment as to want of consideration for the deed in controversy, by reason of a conjunctive denial in an answer, cannot be urged for the first time upon appeal, where the case was tried in the superior court upon the theory that the denial was sufficient to raise an issue as to the consideration, and the answer might have been amended to meet the objection if raised in the superior court.

ID.—CONVEYANCE BY BONA FIDE PURCHASER—PROTECTION OF GRANTEE.—A conveyance by a bona fide purchaser without notice of the fraud of his grantor passes a perfect title to his grantee, as against an execution purchaser claiming under the original grantor. and it is immaterial whether any consideration was paid therefor, or whether the conveyance was intended as a mortgage as between the parties, or whether the grantee was a bona fide purchaser, or had or had not notice of the fraud of the original grantor.

ID.—ACTION TO QUIET TITLE—POSSESSION—IMMATERIAL FINDING.—Possession is not essential to the maintenance of an action by the owner of land to quiet his title thereto; and a finding upon that question is immaterial, and it is immaterial whether it is supported by the evidence.

ID.—EVIDENCE—REPETITION OF EXAMINATION OF WITNESS.—It is not prejudicial error for the court to disallow questions asked of a witness upon a third cross-examination, which were merely in repetition of questions previously asked of the witness, and answered by him.

ID.—LEADING QUESTIONS—DISCRETION.—It is in the discretion of the trial court to permit a party to ask leading and suggestive questions of his witness, and a case will not be reversed on that ground, unless there is a manifest abuse of discretion.

ID.—LETTER FROM STRANGER—ADVICE TO INSOLVENT TO CONVEY TO
WRITER.—A letter from a stranger addressed to the insolvent
debtor, and advising him to make a conveyance to the writer
to prevent a threatened attachment, which was not acted upon
by the insolvent, nor consented to by any of the parties or their
privies, is inadmissible in evidence.

ID.—EVIDENCE OF CONSIDERATION—BORROWING OF MONEY GIVEN—
PAYMENT OF DEBT BY DEED.—Upon the issue as to the consid-
eration of the conveyance by the insolvent to his brother, evi-
dence is relevant and admissible to show that at a time when
the debtor was not insolvent he gave two thousand dollars to
his brother from the proceeds of land deeded to him by his
father, and that the money thus paid to his brother was after-
ward borrowed by him, and that the payment of the debt for
such borrowed money was the consideration for the deed. He
had a right, then, to make such gift; and the payment of the
indebtedness to his brother for the borrowed money was a con-
sideration sufficient to support the deed.

APPEAL from a judgment of the Superior Court of Sonoma
County and from an order denying a new trial. R. F. Crawford,
Judge.

The facts are stated in the opinion.

James G. Maguire, for Appellant.

The findings are against the evidence. The plaintiff, taking
under a quitclaim deed, took subject to all equities against Leo
Clar, the original grantee of the insolvent debtor. (*Allison v.
Thomas,* 72 Cal. 564; 1 Am. St. Rep. 89; *Johnson v. Williams,*
37 Kan. 179; 1 Am. St. Rep. 243; *Snow v. Lake,* 20 Fla. 656;
51 Am. Rep. 625.) The deed is shown by the evidence to have
been intended as a mortgage, and did not pass title, and the
mortgagee cannot maintain a suit to quiet title. (*Winter v. Mc-
Millan,* 87 Cal. 264; 22 Am. St. Rep. 243; *Harrigan v. Mowry,*
84 Cal. 456.) The deed from L. F. Clar, the insolvent debtor,
to his brother, Leo H. Clar, was intended to defraud the cred-
itors of L. F. Clar, and was void as against the appellant. (*Jud-
son v. Lyford,* 84 Cal. 507; *Bull v. Ford,* 66 Cal. 177; Civ. Code,
sec. 3439.) It must be presumed that Leo H. Clar knew of the
insolvency of his brother, there being no finding to the con-
trary. (*Bull v. Bray,* 89 Cal. 287.) The proof shows that T.
J. Butts was the attorney for L. F. Clar, and not for Leo Clar,
and the deed was not delivered to L. H. Clar and did not pass

title to him, prior to the attachment placed upon the property. (Civ. Code, sec. 1054; *Dyson v. Bradshaw*, 23 Cal. 528; *Barr v. Schroeder*, 32 Cal. 610; *Filch v. Bunch*, 30 Cal. 208; *Calhoun County v. Emigrant Co.*, 93 U. S. 124.) The finding that there was a valuable consideration for the deed is outside the issues, the want of consideration having been conjunctively denied; and the finding, being against the admission of the pleading, cannot be sustained. (*Traverso v. Tate*, 82 Cal. 170; *Silvey v. Neary*, 59 Cal. 97; *Tracy v. Craig*, 55 Cal. 91.) The fraudulent intent on the part of the grantor being shown, the burden of proof was upon the plaintiff to show that a valuable consideration was paid for the property. (*Ross v. Wellman*, 102 Cal. 4; *Jones v. Simpson*, 116 U. S. 610.) When it appears from the evidence and the legal presumptions of fact arising therefrom, that a conveyance was voluntary and was executed for the purpose of defrauding the creditors of the grantor, a finding to the contrary will be set aside by the supreme court. (*Daugherty v. Daugherty*, 104 Cal. 221; *Godfrey v. Miller*, 80 Cal. 424; *Judson v. Lyford*, *supra*.) The letter written by Miss Burnett to L. F. Clar requesting a deed to her to defeat his creditors was admissible for the purpose of explaining and illustrating his act in subsequently deeding the property to his brother Leo H. Clar. (*Spies v. People*, 122 Ill. 1; 3 Am. St. Rep. 320; *People v. Colburn*, 105 Cal. 648, 651; *Wright v. Tatham*, 7 Ad. & E. 313, 389; 2 Jones on Evidence, sec. 301; 1 Taylor on Evidence, pt. 2, sec. 574; 1 Greenleaf on Evidence, sec. 101.)

William H. Jordan, and Anson Hilton, for Respondent.

A valuable consideration for the deed to Leo H. Clar was proved, and that shifted the burden upon the appellant to show that plaintiff's grantor, Leo H. Clar, knew of the fraudulent intent of the grantor. (*Ross v. Wellman*, 102 Cal. 1; *Jones v. Simpson*, 116 U. S. 610.) There was no proof tending to show that the deed to plaintiff was intended as a mortgage. If the intention is absent there is no mortgage. (*Montgomery v. Spect*, 55 Cal. 352; *People v. Irwin*, 18 Cal. 117; *Low v. Henry*, 9 Cal. 538; *Taylor v. McLain*, 64 Cal. 513.) There was no agreement to reconvey. (1 Jones on Mortgages, sec. 241; *Fuller v. Pratt*, 10 Me. 197.) Defendant not being a creditor of plaintiff or

his grantor cannot question the consideration of the deed to plaintiff or the intention of the parties thereto. Leo H. Clar had the right to give the property to plaintiff, and the consideration is immaterial. (*Seward v. Jackson*, 8 Cow. 406-30; *Halliday v. Hart*, 30 N. Y. 480; *Gifford v. Carvill*, 29 Cal. 589; *Goad v. Moulton*, 67 Cal. 536; *Gillan v. Metcalf*, 7 Cal. 137.) Appellant cannot object here for the first time that there was no issue as to the consideration of the deed to Leo H. Clar from L. F. Clar, the trial having been had upon that issue. (*Moore v. Campbell*, 72 Cal. 251; *Illinois T. & S. Bank v. Pacific Ry. Co.*, 115 Cal. 297; *Sukeforth v. Lord*, 87 Cal. 399; *King v. Davis*, 34 Cal. 100; *Horton v. Dominguez*, 68 Cal. 642.)

COOPER, C.—Action to quiet title. Judgment for plaintiff. Motion for new trial denied. This appeal is from the judgment and order. On July 24, 1893, and prior thereto, one L. Frank Clar was the owner and seised in fee of the lands in controversy; and was then in insolvent circumstances and owed, among others, one Adolph Sommer the sum of four thousand eight hundred dollars, besides interest. On said date the said L. Frank Clar made a bargain and sale deed of said lands to his brother, Leo H. Clar. On September 11, 1893, said Sommer assigned the indebtedness so due him from L. Frank Clar to defendant Leggett, and on September 21, 1893, Leggett commenced an action in the proper court against said L. Frank Clar and had a writ of attachment issue, which said writ was levied upon the said lands September 22, 1893. On the following day, September 23d, the deed made by said L. Frank Clar to his brother, Leo H., was placed on record in the county where the lands are situated. October 15, 1894, said Leo H. Clar made a quitclaim deed of said lands to plaintiff, and on the 25th of the same month said Leggett recovered judgment against said L. Frank Clar. On December 17, 1894, the defendant Leggett purchased the said premises at execution sale under his said judgment, the same having been sold as the property of said L. Frank Clar. The defendants, other than Leggett, made default. Leggett, by his answer and cross-complaint, denied the execution, delivery, and consideration of the deed from L. Frank Clar to Leo H. Clar and of the deed from Leo H. Clar to plaintiff, and asked the court to set aside the

said deeds, upon the ground that they were fraudulent, made without consideration, and that the lands were held in secret trust by plaintiff for said L. Frank Clar. The plaintiff denied the averments of the cross-complaint, and upon the issues so made the case went to trial. The court found in favor of plaintiff upon the material issues, and the main contention of the defendant is the insufficiency of the evidence to justify these findings. The court found that the deed made by L. Frank Clar to his brother Leo was made for a valuable consideration, to wit, in consideration of an indebtedness due from said L. Frank Clar to his said brother, amounting to about $4,237.87. As this finding is the most vital one, and the one most earnestly attacked, we will first examine it. L. Frank Clar testified that his father, before his death, left $670 in a sack for his brother Leo H., who was then a mere boy, and that the father, among his last requests, asked him to take care of it and keep it for Leo. That his father deeded him a lot in San Francisco about the year 1880 for himself and his brother Leo. That this property was sold for $5,000, and of this sum one-half of it belonged to Leo. That $2,000 of the amount realized from the sale of the real estate and the $670, and $680 due for wages, amounted, with interest, on July 24, 1893, to $4,600 or $4,700. That the money after the sale of the lot was placed in Leo's hands, or, rather, $2,000 of it, together with the $670 and $500 that witness had from other sources. That Leo gave witness permission to use this money, and that witness did use it in his own business, and was thus indebted to his brother Leo on the twenty-fourth day of July, 1893, in a sum exceeding $4,600. Leo H. Clar testified that he went with his older brother, L. Frank, to the safe deposit vault, and the money was placed in his hands, and he gave his brother L. Frank permission to use it in his own business. Ivan Clar, another brother, testified to seeing and counting the $670 tied up in a sack in the vault of the safe deposit company with a tag on it bearing his brother Leo's name. It further was testified by the brothers, Leo and Frank, that after Leo attained his majority he worked for Frank for seventeen months, and that such services were worth $40 per month, amounting to $680, and that Leo had never been paid. There is other testimony, but the above is sufficient to support

the finding as to consideration. The brothers, who were witnesses for each other, do not agree as to all the facts, and there is a certain degree of improbability about much of the evidence that leaves it to our minds unsatisfactory. If we had to pass upon it in the first instance we are not at all certain that we would find as did the judge of the court below. But the evidence is not contradicted nor impeached except by its own weakness, and the judge of the court below has found it true. As he saw and heard the witnesses, he was more capable of judging of the credit to be given to their testimony than we could possibly be by examining the record. As we understand the rule, we have not the power to disturb a finding of fact if there is substantial evidence to support it. Unlike the court below, when trying the cause without a jury, we possess none of the functions of the jury, and therefore cannot substitute our opinion in the place of his and say which testimony is true and which is false. (*Lick v. Madden*, 36 Cal. 212.)

It is further claimed that the evidence is insufficient to support the finding that the deed made to Leo H. Clar was delivered. The witness Butts testified that at the request of and as agent of Leo he prepared the deed and sent it to L. Frank Clar at Boston, to be executed and returned to him. That the deed was executed and returned to witness, and that he received it and took possession of it for Leo. The witness Leo H. Clar says that he employed Butts as his attorney to get the deed for him. We think the evidence (which is not contradicted) amply sufficient to support the finding. The deed having been made for a valuable consideration and delivered to the grantee, the law presumes that the grantee rightfully acquired the title to the property. The burden was therefore upon the defendant, after such consideration and delivery is established, to prove a fraudulent intent on the part of the grantor, and that the grantee was in some way a party to such fraud by purchasing with knowledge of such fraudulent intent or under such circumstances as should put him on inquiry as to the fraud on the part of the grantor. (*Jones v. Simpson*, 116 U. S. 614; *Ross v. Wellman*, 102 Cal. 4.) The court found that at the time of the making of the conveyance from L. Frank Clar to Leo H., that Leo was not privy to or a participator in any fraud whatsoever,

and that Leo never conspired with his brother nor anyone else in any fraudulent attempt to convey or dispose of said property. This finding does not appear to be directly attacked in appellant's brief, but the argument against it is only from inference and a narration of circumstances. The burden was upon the defendant to show that Leo was in some way a party to the fraud and that the deed was not taken by him in good faith. In the absence of proof—that is, in the absence of such facts and circumstances—that the court would be justified in the conclusion that Leo was in some way connected with or a party to a fraudulent intent on the part of Frank H., the finding would be justified.

As was said by this court in *Levy v. Scott*, 115 Cal. 41: "It is quite true that evidences of fraud are not left lying patent in the sunlight; that fraud itself is always concealed, and that the truth is to be discovered more often from circumstances, from the interests of the parties, from the irregularities of the transaction, coupled with injury worked to an innocent party, than from direct and primary evidence of the fraudulent contrivance itself. Nevertheless, the evidence of these matters, facts, and circumstances, taken together, must amount to proof of fraud, and not to a mere suspicion thereof, for the presumption of the law, except where confidential relations are involved, is always in favor of the fair dealing of the parties."

If we are correct in what has been said, the finding as to the intent of L. Frank Clar in making the deed to his brother Leo is not material, and it is not necessary to discuss it. It is claimed that the finding that the deed from Leo H. Clar to plaintiff was for a valuable consideration was outside the issues, contrary to the admissions in the pleadings, and that the said deed was in fact a mortgage given as security only. The technical argument is urged that the plaintiff, in denying the cross-complaint, literally denied "that the deed was wholly voluntary and without any consideration whatever," and that such denial was virtually an admission of the allegation of the cross-complaint as to want of consideration. If counsel had urged the objection in the court below, it would probably have resulted in an amendment to the answer to the cross-complaint in furtherance of justice, and in order that the case might be tried

upon its merits.  This course was not pursued, and the case was fully tried as though the issue was properly made by the pleadings.  Counsel will not be allowed to try the case upon the theory that the issue was properly before the court below, and thus entice his adversary into a trap to be sprung in this court at the last moment.  This court does not countenance technical objections to pleadings when the case was tried in the court below upon the theory that the issues were properly made. (*Cushing v. Pires*, 124 Cal. 663.)  We do not think the defendant is in a position to claim that the deed from Leo H. Clar to plaintiff was not made in good faith, or that it was intended as a mortgage.  He is not a creditor of Leo H. Clar, nor of the plaintiff, and, if the deed was a gift, it would not in the least concern the defendant.  The deed to Leo H. Clar having been made in good faith and for a valuable consideration, he could afterward transfer the title acquired by the deed to anyone, whether such person was a purchaser in good faith or not.  A purchaser without notice of the fraud may sell the property to a person who has notice, for the law does not know of an unencumbered estate which is forfeited by alienation, or for which the owner cannot pass a good title to the purchaser.  (Bump on Fraudulent Conveyance, sec. 499, and cases cited.)

Considerable space is taken up in appellants' brief in the attempt to show that the finding that plaintiff was in possession of the lands at the time of the commencement of the action is not supported by the evidence.  The evidence is sufficient, but the finding is wholly immaterial.  The owner of land does not have to be in possession in order to enable him to maintain an action to quiet title.  (Code Civ. Proc., sec. 738; *People v. Center*, 66 Cal. 555; *Brusie v. Gates*, 80 Cal. 463.)  Many technical objections are made to the rulings upon the admission or rejection of evidence.  The first one argued is the ruling of the court in sustaining plaintiff's objection to the defendants' question asked of the witness Leo H. Clar, to wit: "What statement did you make to Mr. Butts at the time you told him to get the deed?  How did you tell him?  Did you give him any instructions about getting it?"

The court sustained the objection upon the ground that the

question "had already been answered and gone over." We think the ruling is not prejudicial error. The witness had been fully examined and cross-examined and then re-examined and recross-examined, and again re-examined and recross-examined, and this question was asked at the latter end of the third cross-examination and had been substantially gone over before. The witness was again called by defendant and examined and cross-examined some three or four times. The next objection is to a large number of questions asked by plaintiff's counsel, upon the ground that they are leading and suggestive. It is the settled rule in this state that the allowance of leading questions is in the discretion of the trial court, and that a case will not be reversed on such ground unless there is a manifest abuse of such discretion. (*White v. White*, 82 Cal. 452; *Kyle v. Craig*, 125 Cal. 107.) A Miss Burnett testified by deposition, and it appeared that she wrote a letter to L. Frank Clar prior to the time the deed was made by Frank to Leo. The letter was written by Miss Burnett to Frank and not to Leo or any party now interested in this case. It appears that Miss Burnett knew that Frank was indebted to Sommer, and she was afraid that Sommer might attach his property or cause him trouble. She advised Frank to deed his property to her until he could settle with Sommer, and then she would reconvey it. The court excluded the portion of Miss Burnett's letter relating to or rather advising such conveyance, and we think the ruling correct. The advice was never acted upon, and in fact Frank refused to so deed his property, and told Miss Burnett that he would not do it as it would not be honest. It would be contrary to all rules of evidence to allow a written suggestion of a stranger to the litigation to which no one of the parties or their privies consented to be admitted in evidence. The case quoted by counsel—*People v. Colburn*, 105 Cal. 651—is directly against him. It is said in the opinion: "The letter was a statement of a third party in nowise connected with defendant, and was not made under the sanction of an oath, and not admissible. The possession of unanswered letters is not such evidence of acquiescence in their contents as to make them admissible in a civil case, and a letter found upon a prisoner when arrested has been held to be no evidence of the facts stated in it."

If the proof had shown that L. Frank Clar acted upon the advice given in the letter, or that he requested it or in any way agreed to it, then it would be admissible for the purpose of showing his fraudulent intent. His fraudulent intent, however, would not change the result of the finding that the deed was made to Leo H. in good faith and for a valuable consideration. We think the testimony tending to show a gift of $2,000 from L. Frank Clar to his brother Leo was within the issues made by the pleadings. The cross-complaint alleged that the deed to Leo was without consideration. The answer to the cross-complaint denied this. If L. Frank Clar, at the time when he was not indebted, made a gift of $2,000 to his brother, he had the right to do so. If he afterward borrowed it, the payment of the debt would be a good consideration for the deed. As has been said before, the truth or falsity of the evidence was left to the trial judge and is not for this court.

We advise that the judgment and order be affirmed.

Gray, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

McFarland, J., Henshaw, J., Temple, J.

Hearing in Bank denied.