[S. F. No. 12483. In Bank.—December 13, 1927.]

## W. W. HOMAN, Appellant, v. THE BOARD OF DENTAL EXAMINERS OF CALIFORNIA et al., Respondents.

[1] Writ of Review—Function of.—The function of a writ of review is to determine whether an inferior tribunal, board, or officer exercising judicial functions has exceeded the jurisdiction of such tribunal, board, or officer, where there is no appeal, nor, in the judgment of the court, any plain, speedy, and adequate remedy, and its function cannot be further extended; its function is not to correct errors, nor its office that of a demurrer to be employed against a pleading by reason of uncertainty or mere defects not affecting the question of jurisdiction.

[2] Dental Act—Charge of Unprofessional Conduct—Construction of Complaint.—In determining the sufficiency of the charge alleged in a complaint against a dentist accused of "unprofessional conduct," the greatest liberality of construction must be indulged, and if the complaint states sufficient facts, it will not be held insufficient because other facts are stated which are irrelevant or immaterial, or because the law violated by the alleged acts is inaccurately stated.

[3] Id.—Aiding Unlicensed Persons to Practice Dentistry—Renting Licenses—Sufficiency of Charge.—In a proceeding before the State Board of Dental Examiners to revoke the license of a dentist, wherein it was charged in substance in the complaint that the accused bartered for the license of a dentist who had removed to another state for use of an unlicensed person employed by the accused in his office, the facts stated gave the board jurisdiction to act, and it does not matter whether the acts set out were alleged to have come within section 12 or section 13 of the Dental Act (Stats. 1915, p. 698).

[4] Id. — Issuance of Dental Licenses — Judicial Notice. — The Board of Dental Examiners will take judicial notice of its records for the purpose of ascertaining whether or not a dental license was ever issued to a person alleged to have been unlicensed and wrongfully employed by another dentist in the latter's office.

(1) 11 C. J., p. 89, n. 12, p. 97, n. 50, p. 104, n. 41, p. 111, n. 52. (2) 11 C. J., p. 198, n. 11. (3) 30 Cyc., p. 1557, n. 94. (4) 30 Cyc., p. 1557, n. 95.

1. Nature and scope of writ of *certiorari,* note, 40 Am. St. Rep. 29. See, also, 4 Cal. Jur. 1022 et seq.; 5 R. C. L. 250 et seq.
4. See 20 Cal Jur. 1065.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Louis H. Ward, Judge. Affirmed.

The facts are stated in the opinion of the court.

Paul F. Fratessa and Stanislaus A. Riley for Petitioner.

Frank J. Burke and Jesse W. Carter for Respondents.

SEAWELL, J.—The license of petitioner, Dr. W. W. Homan, a duly licensed dentist under the laws of this state and engaged in the practice of dentistry in the city and county of San Francisco during the year 1924, was, on December 4, 1925, by an order made by the Board of Dental Examiners of this state, revoked. The revocation was placed upon the ground that petitioner was "guilty of the acts charged in the accusation." The accusation was sworn to by W. B. Luckenback, and charged the petitioner with "unprofessional conduct" as the same is defined in section 12 of the act regulating the practice of dentistry in this state, specifying as the basis of said charge the following facts: "That on or about the 26th day of September, 1924, said W. W. Homan did in writing barter for the license of one Frank J. Ryan of Chicago, Illinois, said license to be used by Homan for the purpose of protecting an illegal practitioner in his office, or, in other words, to be used as evidence of the holder's qualification to practice dentistry; that by said acts and conduct of W. W. Homan, as herein set out, said W. W. Homan did barter for the license of F. J. Ryan, a legal practitioner; that all the acts as above set out are contrary to the provisions of said Dental Law." Upon the foregoing accusations the accused was cited to appear before the Board of Dental Examiners and answer said accusations. The citation referred to the accusations as "charging the said W. W. Homan with unprofessional conduct as the same is specified in section 12, subdivision ——, thereof, of the Dental Law of said state, which said accusation sets forth the facts supporting said charge; and, whereas said verified accusation has been presented to this Board for its consideration, which this Board deems sufficient, ... the said W. W. Homan is required to appear

and answer the said accusation," etc.   The petitioner appeared at the time appointed by the Board of Dental Examiners, was informed of his right to counsel and replied that he did not desire the aid of counsel, whereupon witnesses were sworn and testified and documentary evidence was received in the proceeding and the Board, upon a consideration of the evidence, found the accused "guilty of the acts charged in the accusation," whereupon it made the order revoking the license of petitioner to practice dentistry in this state.

A writ of review was granted by the superior court of the city and county of San Francisco upon the application of petitioner, and upon a hearing said court gave judgment affirming the proceedings below.   Upon an appeal taken from said judgment to the district court of appeal the judgment of the trial court was reversed, with a direction to said trial court to enter a judgment granting the writ as prayed for.

Objection is taken to the sufficiency of the accusation. [1]   It is well settled that the function of the writ of review is to determine whether an inferior tribunal, board, or officer exercising judicial functions has exceeded the jurisdiction of said tribunal, board, or officer where there is no appeal, nor, in the judgment of the court, any plain, speedy, and adequate remedy (Code Civ. Proc., sec. 1068), and its function cannot be further extended. (Code Civ. Proc., sec. 1074.)   Its function is not to correct errors, nor is its office that of a demurrer to be employed against a pleading by reason of uncertainty or mere defects not affecting the question of jurisdiction. (4 Cal. Jur. 1022 et seq.)   [2] In determining the sufficiency of the charge alleged in a complaint the greatest liberality of construction must be indulged; if the complaint states facts which constitute a crime it will not be held insufficient because other facts are stated which are irrelevant or 'immaterial, or because the law violated by the alleged acts is inaccurately stated.   An allegation in a complaint that the acts in question are a violation of another and different law may be disregarded as immaterial, for it does not alter the nature of the acts charged, nor prevent them from constituting a violation of the law.   (*In re Culver,* 187 Cal. 437 [202 Pac. 661].)

The admissions of petitioner at the hearing and his letters to Dr. F. J. Ryan in negotiating for the use of the latter's license disclose as forcibly as words can express meaning the illegal intent to commit the acts charged against petitioner. The letters and the testimony of the defendant cannot be otherwise construed than as an admission of the acts charged in the accusation. Dr. F. J. Ryan was a friend of petitioner who had come to San Francisco from Chicago to engage in the practice of dentistry. After pursuing his profession in San Francisco for a time he returned to Chicago, where he resumed the practice of dentistry, with no intent of ever returning to San Francisco. Dr. Homan thereafter by correspondence solicited Dr. Ryan to lease to him his California dental license for the express purpose of being used by Dr. Homan in this state. He contracted to pay Dr. F. J. Ryan $25 per month for the use of said license. Upon the receipt of Dr. Ryan's license he kept the same in his office and paid the agreed monthly sum of $25. He had in his employ a person whose surname was claimed to be Rhyner. He said that he did not know Rhyner's Christian name, nor his initials, but that he was an assistant laboratory man and he believed that he was formerly a bartender. At the time the inspector visited Dr. Homan's office upon an investigation as to whether he had anyone in his employ practicing dentistry without a license he found Rhyner alone in the office attired in the garb of a dentist. He inquired for Dr. Homan and was told that he was not in. He asked Rhyner if he was the dentist in charge and was informed that he was. He inquired his name and was told that it was F. J. Ryan. Dr. Homan early in the transaction insisted that he had no one in his employ. The inspector had reason to believe that Dr. Homan had the license of Dr. F. J. Ryan in his office and he demanded the same. Dr. Homan for a time denied possession of Dr. F. J. Ryan's license. The inspector procured a search-warrant and instituted search of his office for the license, but was unable to find it. A police officer was shortly brought into the case. Homan told the officer that he would not find the license in his office. Later the license was delivered to the police station. Dr. Homan had it all the while concealed in his safe and finally produced it. The letters of Dr. Homan to Dr. Ryan and of Dr. Ryan to Dr.

Homan are highly incriminatory. No other rational inference can be drawn from them and the circumstances of the case than that Dr. Homan planned to use the license as a shield to ineligible persons whom he intended to, and no doubt did, employ to practice dentistry. It is a convincing case upon the facts of unlawful bartering for a license to the end that a person not entitled to practice dentistry might impersonate a duly licensed dentist. Clearly the evidence in the case sustains the finding that Dr. Homan aided and abetted an unlicensed person to practice dentistry unlawfully. He had an unlicensed person in his office who had the manner and appearance of the dentist in charge, which he represented himself to be. He gave the name of the dentist whose license Dr. Homan had obtained to protect himself and said person or any other persons he might employ to engage in an unlawful employment. In short, by his acts he not only aided and abetted one unlicensed person to practice dentistry unlawfully, but he had put himself in a position to evade the provisions of the law absolutely. No other construction can be placed upon the conduct of appellant under the circumstances of the instant case than that he obtained and used said license for the purpose of aiding and abetting an unlicensed person in the practice of dentistry. It would serve no purpose to reproduce Dr. Homan's letters. The inferences to be drawn therefrom are irresistible. [3] The accusation, which was not demurred to, undoubtedly states facts which gave the Board jurisdiction. It does not matter whether the acts set out were alleged to come within section 12 or section 13 of said act. The question is, Did the facts alleged come within any section of the act? If they did, the numerical order is immaterial. Section 12 of the act regulating the practice of dentistry in this state (Stats. 1915, p. 698) provides that it is a misdemeanor for any person to purchase or procure by barter any diploma, certificate, or transcript with intent that the same shall be used as evidence of the holder's qualification to practice dentistry, or in fraud of the laws regulating the practice of dentistry. Section 13, subdivision 1, provides for the revocation of the license of any dentist upon his conviction of a felony or misdemeanor involving moral turpitude, in which case the record of conviction, or a certified copy thereof, shall be conclusive evidence of the

fact; subdivision 3 thereof defines several acts which are declared to constitute unprofessional conduct, viz., aiding or abetting an unlicensed person to practice dentistry unlawfully; the use of any false, assumed, or fictitious name, or any name other than the name under which he is licensed.

[4] The point that it was not shown that Rhyner was not a licensed dentist is answered by *Anderson* v. *Board of Dental Examiners*, 27 Cal. App. 336 [149 Pac. 1006], wherein it is held that the board will take judicial notice of its records for the purpose of ascertaining whether or not a dental license was ever issued to the person alleged to have been wrongfully employed. That Rhyner was employed and was in the occupancy of the office is an admitted fact. That he was not again seen or found and no effort was made by Homan to produce him at the investigation has its significance. The legal inferences drawn by the Board of Dental Examiners from the evidence support the findings.

The judgment of the trial court affirming the order of said Board of Dental Examiners is affirmed.

Richards, J., Curtis, J., Preston, J., Shenk, J., Waste, C. J., and Langdon, J., concurred.

Rehearing denied.

Langdon, J., dissented.