[Civ. No. 4993.   Third Appellate District.—March 31, 1934.]

C. I. T. CORPORATION (a Corporation), Appellant, v. P. J. GLENNAN, Respondent.

Fred M. Harter for Appellant.

Harry M. McKee for Respondent.

PLUMMER, J.—Judgment went for the defendant in an action instituted by the plaintiff to recover the sum of $418.29, alleged to be due for and on account of the pur-

chase of a certain automobile truck. From this judgment the plaintiff appeals.

The record shows that on or about the fifteenth day of June, 1929, the defendant, then a resident of Salmon City, Idaho, entered into an agreement of purchase with the Foerschler Motor Company, of Butte, Montana, for a certain motor-truck. The purchase price, as found by the court, was the sum of $1750, upon which there had been paid the sum of $1541.65, $375 of said sum having been received by the plaintiff from a resale of the truck involved in this action. At the time of the purchase the defendant paid the sum of $600, partly in cash and partly the value of an automobile taken in trade, and thereafter paid the sum of about $300. Additional payments were made, apparently by the motor company, to the plaintiff.

The testimony of several witnesses is to the effect that the purchase price, as found by the court, was the sum of $1750, to be paid for in weekly installments of $35. After the oral negotiations had been concluded the record shows that the defendant signed a conditional contract of purchase and sale in blank. After the contract was signed, the blanks appear to have been filled in, stating the purchase price at $1959.94, with monthly payments on the fifteenth day of every month thereafter in the sum of $113.33. The conditional contract of sale, after the blanks were filled in, was assigned by the Foerschler Motor Company to the plaintiff in this action. The last paragraph in the conditional contract of sale is in these words: "I, or we, acknowledge, this day, receipt of a duplicate of this contract and admit notice of the intended assignment of this contract to C. I. T. Corporation."

The court found, and there is no testimony to the contrary, that no duplicate of the contract was ever delivered to the defendant in this action, or any notice given to the defendant in this action of any actual assignment of the conditional contract of sale to the plaintiff in this action, until long after the truck had been redelivered by the defendant to the Foerschler Motor Company, and rescission of the contract effected. The court found, and the record shows that on or about the fifth day of August, 1929, the defendant, Glennan, pursuant to the agreement had with

the Foerschler Motor Company, returned the truck to the motor company, all payments theretofore made by the defendant to the Foerschler Motor Company being retained by the motor company, and the defendant released from further liability for and on account of the purchase of the truck. The record shows, and the court so found, that after the delivery of the truck by the Foerschler Motor Company to the defendant, weekly payments were made by the defendant to the Foerschler Motor Company up to the time of the redelivery of the truck by the defendant to the motor company.

On the part of the appellant it is contended that the defendant is bound by the conditions of the conditional contract of sale; that all payments made on the purchase price of the truck after the fifteenth day of June, 1929, by the defendant to the Foerschler Motor Company were made at his peril; that the portion of the contract which we have set forth herein was sufficient to place the defendant upon notice of the assignment thereafter made, and that he should have made inquiries as to who was the holder of the contract. On the other hand the respondent relies upon the provisions of section 1459 of the Civil Code, which provides that the assignee of a non-negotiable instrument takes it subject to all equities and defenses existing in favor of the maker at the time of the indorsement.

A notice of intended assignment is not notice of a subsequent assignment. This is specifically held in the case of *Doub* v. *Rawson,* 142 Wash. 190 [252 Pac. 920], and the cases there cited.

The duty to protect one's interest does not alone devolve upon the maker of a non-negotiable instrument, but an assignee, in order to protect himself, cannot remain silent. His duty is expressly stated in 3 California Jurisprudence, page 269, as follows: "Upon the assignment of a chose in action, title thereto is vested in the assignee, and notice to the debtor of the assignment is not necessary to the acquisition or protection of the right or title of the assignee. But in order to protect his rights, the assignee must notify the debtor of the assignment, since the latter is entitled to all set-offs and defenses he may have or may acquire against the assignor, until he is notified of the as-

signment." This statement of the law is supported by numerous decisions cited in the footnotes. (See, also, 5 C. J., p. 960.)

While the law is well settled that an instrument executed in blank, where there has been an agreement as to the amount of money involved, the holder of the instrument may fill in the blank as to that amount, there is no authority, either express or implied, to fill in an amount in excess of the stipulated purchase price. Under such circumstances a material change is held to have been made in the conditions of the instrument. In some cases it has been held a forgery to insert a larger sum than is authorized by the agreement, which would mean the oral agreement preceding the signing of the instrument in blank. (8 C. J., pp. 185, 186, and cases cited in the footnotes.)

In the instant case the testimony is sufficient to show, and the court found that the purchase price of the truck was the sum of $1750, whereas the purchase price in the conditional agreement appears in the sum of $1959.94. There is also a difference in the amount of the installment payments. Without the change in the amount of the purchase price, from that actually agreed upon, as shown by the testimony, the superior court in this case would have had no jurisdiction, as the sum remaining due, as found by the court, if the defendant were liable, would have been only the sum of $209.94. Thus, the change in the instrument different from that shown by the testimony as to the purchase price apparently gave the superior court jurisdiction where in fact it should have been shown not to exist.

As to the duty of an assignee of a non-negotiable instrument to give notice and make inquiries, we may also cite the case of *Briggs* v. *Crawford*, 162 Cal. 124 [121 Pac. 381].

Supported by the testimony in the record, the findings of the court to which we have referred are conclusive upon this appeal.

The judgment is affirmed.

Pullen, P. J., and Thompson, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 28, 1934.