[Civ. No. 9514. First Appellate District, Division Two.—July 24, 1935.]

BEN L. BLUE, Appellant, v. THE DIVISION OF CORPORATIONS, DEPARTMENT OF INVESTMENTS, et al., Respondents.

Ben L. Blue, *in pro. per.*, Blue & Conroy and George B. Harris for Appellant.

U. S. Webb, Attorney-General, and Ralph O. Marron, Deputy Attorney-General, for Respondents.

NOURSE, P. J.—Petitioner brought a writ of *certiorari* to review an order denying his application for permission to sell certain securities and an order directed to certain brokers notifying them that such securities should not be sold to the public. From the decree affirming the orders the petitioner appeals.

The facts appear in the return filed and in the reporter's transcript of evidence taken on the hearing. The Arizona Comstock Corporation, a California corporation, held a permit to sell certain of its securities under specific conditions

imposed by the corporation commissioner under the terms of the Corporate Securities Act (Deering's Gen. Laws, Act No. 3814). After some of its securities were sold under this permit it was allowed to expire and a new corporation with the same name was organized under the laws of the state of Nevada and took over the assets of the California corporation. This concern entered into a contract with the petitioner herein agreeing to sell him 500,000 shares of its capital stock in blocks of 25,000 shares each for which he was to pay a stipulated price per share ranging from 50 cents to $1.10. Payments were to be made by the petitioner's unsecured promissory notes bearing no interest. Petitioner immediately commenced the sale of this stock to the public through brokers trading on the San Francisco Mining Exchange at prices ranging from $1.25 to $1.50 per share. It further appeared that the petitioner, who is a lawyer, was financially unable to purchase the stock, and that the whole transaction was planned to facilitate the sale of the stock of the corporation without the restrictions of the Corporate Securities Act. To aid this plan the corporation agreed in the same contract that it would not issue any of its unissued stock during the term of the contract. This method was conceded to be the only means whereby the corporation was able to secure funds for its own purposes during this period. The corporation commissioner determined that the plan was an indirect scheme to dispose of the stock of the corporation with the intent of evading the Corporate Securities Act. He accordingly denied petitioner's application for leave to sell these securities in California and directed the brokers to refrain from trading in the stock.

The judgment should be affirmed for these reasons:

■ Section 15 of the Corporate Securities Act (Deering's Gen. Laws, Act No. 3814) provides that every order or act of the commissioner shall be subject to review in accordance with the provisions of chapter 1 of title 1 of part 3 of the Code of Civil Procedure. Section 1068 (of this chapter of the code) provides that a writ of review may be granted when an inferior tribunal, board or officer, *exercising judicial functions,* has exceeded the jurisdiction of such tribunal, board or officer. Hence, *certiorari* to review an order of the corporation commissioner will lie only when such order is made in the exercise of some judicial function by the com-

missioner. (4 Cal. Jur., p. 1065; *Sweetman* v. *Board of Police Commrs.*, 56 Cal. App. 644, 649 [206 Pac. 102]; *Homan* v. *Board of Dental Examiners*, 202 Cal. 593, 595 [262 Pac. 324].)

Section 4 of the Corporate Securities Act provides that if the commissioner finds that the proposed plan of business of the applicant to sell securities "is not unfair, unjust, or inequitable" he shall issue a permit to sell. "Otherwise, he shall deny the application and refuse such permit. . . . " Though the application was filed by an individual claiming ownership of the securities, the commissioner treated it as in fact an application on behalf of the corporation made solely for the purpose of circumventing the protective features of the Corporate Securities Act. His refusal of the permit was not in any sense a judicial act, but was purely administrative.

Though the proceeding was started as a writ of review, the hearing was thrown open to a complete trial of matters outside the record tending to prove petitioner's claim that the corporation was financially sound and that he should, therefore, be permitted to sell the stock to the public. No findings of fact were made on this evidence, but the decree fully affirmed the orders of the commissioner. Petitioner seeks to retry this issue on his appeal. It should be sufficient to say that, if *certiorari* is a proper remedy, the only question properly in issue before the trial court and on this appeal is whether the commissioner had jurisdiction (i. e., power) to grant or refuse the permit. Upon the facts before him the commissioner was fully justified in finding that the sale was not in good faith. As the statute requires him to refuse a permit to sell securities to the public unless he is of the opinion that such sale will not work a fraud upon the purchaser, his refusal in this instance was in strict accordance with the terms of the statute. Hence, if the review under section 15 of the statute could be broadened to a trial *de novo* of the proceedings before the commissioner, the record here shows no abuse of discretion in his denial of the permit. Since the brokers are not authorized to sell in the absence of a permit that order was also proper.

The decree is affirmed.

Sturtevant, J., and Spence, J., concurred.