[Civ. No. 14035. Second Dist., Div. Two. July 23, 1943.]

RICHARD VAUGHN, Appellant, v. THE BOARD OF POLICE COMMISSIONERS OF THE CITY OF LOS ANGELES et al., Respondents.

Albert G. Bergman for Appellant.

Ray L. Chesebro, City Attorney, Frederick von Schrader, Assistant City Attorney, and Edwin F. Shinn, Deputy City Attorney, for Respondent.

MOORE, P. J.—The question for decision is whether the petition for a writ of mandate or certiorari stated a cause of action to compel respondent board to annul its order revoking appellant's permits or for a review of the judgment of such board by the superior court and whether the court abused its discretion in sustaining the demurrer without leave to amend.

Prior to the events recited herein appellant had procured from the respondent board licenses to engage in the business of buying and selling used motor vehicles at three separate locations within the city. On May 11, 1942, a complaint was filed with the Board of Police Commissioners, charging that appellant had violated the provisions (sec. 24.03) of the Los Angeles Municipal Code in that he did willfully and unlawfully "alter or permit to be altered, signed contracts or purchase orders covering sales of automobiles; make, or permit to be made, misrepresentations as to cash deals and terms under which cars were taken out for trial." Citation having issued to appellant the trial was held before the respondent

board on and after May 27, 1942. At that time appellant appeared with his counsel. Witnesses on behalf of the complainant as well as of appellant appeared and testified. Following the hearing an order was made revoking the licenses theretofore granted by the board to appellant effective June 21, 1942.

A demurrer having been sustained to his original petition "for mandate or certiorari," appellant filed his amended petition demanding that the order of respondent board be annulled and that appellant be allowed a trial de novo before the superior court. A transcript of the trial before respondent board was attached to the amended petition which alleged that appellant had been deprived of a full and complete hearing before the board; that he had been deprived of his right to do business without due process of law. Upon the filing of the petition the court below issued its alternative writ of mandate ordering the board to restore his licenses to appellant or to show cause why such restoration had not been effected. Following a hearing on the general demurrer to the amended petition, it was sustained without leave to amend, the alternative writ was discharged and the writs prayed for were denied. Judgment for defendants ensued.

Appellant attacks the judgment on the following grounds: (1) Section 24.03 of the Los Angeles Municipal Code is void for indefiniteness and uncertainty; (2) the complaint is insufficient to give the board jurisdiction; (3) there was no legal evidence to justify the revocation of the licenses; (4) appellant was deprived of due process of law; (5) he was entitled to a trial de novo in the superior court; (6) the court abused its discretion in sustaining the demurrer without leave to amend.

█ (1) The cited code section is a part of a valid ordinance and is itself valid. Under the city's charter the council may authorize the Board of Police Commissioners to revoke permits granted by it in the exercise of police powers. (Sec. 2, subd. 11E and 11P; sec. 203; Const., art. XI, sec. 11.) The revocation of such permits is a proper exercise of the police power. (*In re Higgins,* 50 Cal.App. 533, 537 [195 P. 740]; *Vincent Petroleum Corporation* v. *Culver City,* 43 Cal.App. 2d 511, 517 [111 P.2d 433].) Appellant cites many authorities to show that the ordinance is invalid but they are not apropos. They refer to statutes or ordinances where the administrative board was without guiding rules by which to

determine the vice charged against the accused licensee. For instance a physician was accused of unethical conduct in advertising his medical business. The court held that in the absence of a statutory declaration of what statements in the advertisements should be deemed "grossly improbable" the medical examiners were left to their own particular views as to what might be grossly improbable statements and the statute was therefore held void. (*Hewitt* v. *State Board of Medical Examiners,* 148 Cal. 590, 591 [84 P. 39, 113 Am.St.Rep. 315, 7 Ann.Cas. 750, 3 L.R.A. 896].) In the case of subdivision "L" of section 24.03, the board is authorized to revoke a permit which it has issued in the event that the permittee as a dealer in used automobiles "shall violate any of the provisions of this section or any provisions of any other ordinance, or of any law relating to, or regulating, such automobile business, or shall conduct or carry on such business in an unlawful manner." Such a dealer in obtaining his permit from the city agrees to be governed by ordinances designed to regulate his business. Section 22.02 of the same code authorized the board to revoke permits granted by it and prescribes the procedure by which such revocation may be accomplished. The procedure is that ordinarily followed by administrative boards throughout the Union. A verified complaint must be filed and served upon the accused permittee and he must be notified of the time and place of the hearing upon the complaint, and the permit cannot be revoked until facts establishing the complaint have been determined. It is a vain criticism of the section that it requires no more than a charge that the permittee has violated the provisions of the section (24.03) or of any other "ordinance or law relating to or regulating such used automobile business." Appellant ignores thereby the significance of the procedure prescribed for a trial and the right of the permittee to cross-examine the accusing witnesses. In order to inquire into the conduct of a permittee, no more should be necessary than to recite in the complaint his violations of such law in his transactions with the accuser.

Moreover, it is not uncommon for ordinances and statutes to confer upon boards and commissions authority to regulate by the use of language that implies the exercise of discretion. A city electrician might discontinue the use of electrical wiring when he found it "dangerous to life and property." (*Gaylord* v. *Pasadena,* 175 Cal. 433 [166 P. 348].) The statute directing the Corporation Commissioner to issue a license

to a broker if he finds that the character of the applicant is such as to warrant belief that the proposed business will be conducted honestly, fairly and efficiently. (*In re Halck*, 215 Cal. 500, 503 [11 P.2d 389]. See, also, *Riley v. Chambers*, 181 Cal. 589 [185 P. 855, 8 A.L.R. 418]; *Blue v. Division of Corporations*, 8 Cal.App.2d 485 [48 P.2d 80]; *Smulson v. Board of Dental Examiners*, 47 Cal.App.2d 584 [118 P.2d 483]; *Hall v. Geiger-Jones Co.*, 242 U.S. 539 [37 S.Ct. 217, 61 L.Ed. 480].) The criticised clause of the ordinance is so universally understood that no one could misunderstand it.

By the cited authorities and many others it is established that boards and commissioners charged with the supervision of certain classes of business may be authorized to investigate a licensee upon a complaint that he has violated the regulatory ordinances or statutes in transactions with the complainant. If the accusation is brief it cannot effect a disastrous result for the reason that no permit may be revoked until facts have been found to support an order.

The argument is advanced that there is no security in the possession of a permit in the absence of rules for the guidance of the board at a trial of the permittee because after a person might have become established in business the board could set up its own rules as to what is unlawful and then arbitrarily thereby determine the conduct of the permittee to be unlawful. Such argument loses sight of the language which condemns only "unlawful" conduct. Also it assumes that a board will ignore the law and be activated by caprice. It will be presumed that officials will do their duties (sec. 1963, Code Civ. Proc.). Men may differ upon ethical concepts but once the unlawful acts of a permittee are averred no permittee can fail to understand that he is charged with having violated criminal or civil statutes or ordinances, contrary to his contract with the municipality.

(2) Appellant contends that the complaint gave him no such notice of the nature of the charges as would enable him to formulate a defense. The averments were ample to advise of the grounds upon which the board intended to inquire into appellant's conduct with a view to revoking his license: in the course of his business he had unlawfully altered purchase orders that had been signed and had made misrepresentations as to terms under which cars were taken out for trial. Such a complaint follows the ordinance and is sufficient. (*Smulson v. Board of Dental Examiners, supra.*)

■ A licensee of a municipality when accused of violating the regulations governing his conduct does not stand in the same position as one accused of crime. He is only under discipline of the authorities to whom he as licensee is subject. ■ But the argument of appellant denouncing the insufficiency of the complaint is answered by the fact that he made no exception to the form of the complaint at the time of his trial. His silence there was an effectual waiver, as to any defects which it might contain. (*Casey* v. *Leggett*, 125 Cal. 664 [58 P. 264]; *Cushing* v. *Pires*, 124 Cal. 663 [57 P. 572]; *Munson* v. *Kirby*, 105 Cal.App. 213, 215 [287 P. 133]; *Donovan* v. *Board of Police Commissioners*, 32 Cal.App. 392, 403 [163 P. 69].) He was represented by capable counsel with a stream of objections but none as to the form or content of the complaint. The charge of having committed a felony in a transaction with his accuser is itself sufficient notice to a licensee of the subject of inquiry at the hearing to follow.

■ (3) There was no abuse of discretion in holding that the evidence presented to the board was sufficient to justify the revocation of appellant's license. The findings of the board went to the superior court with a strong presumption of their correctness. (*Drummey* v. *State Board of Funeral Directors*, 13 Cal.2d 75, 85 [87 P.2d 848].) No showing is made that the board acted capriciously or fraudulently in revoking the permit in which event the order of revocation should be sustained. (*Hogan* v. *Retirement Board*, 13 Cal.App.2d 676 [57 P.2d 520].) The burden is on appellant to show wherein the board acted contrary to the weight of the evidence. (*Laisne* v. *State Board of Optometry*, 19 Cal.2d 831 [123 P.2d 457].)

The testimony of three witnesses was received to show the scheme or design of appellant. In addition thereto the testimony of Grady Wilcox and Albert World both severally gave in detail the facts of their having been required to sign in blank about 27 papers for the exchange of automobiles by the payment of an agreed sum of money by the witness as a consideration for the exchange. To each witness later was forwarded a contract bearing his signature showing a large balance due in excess of that which was to be paid. In both cases the forms which had been signed in blank by the purchaser had been altered to suit the wishes of appellant. The witness, Rutkowski, testified that at the Broadway office of appellant, a salesman agreed to sell him a 1940 Ford coupé

for $500 cash. He paid $50 and a few days later returned to pay the balance of $450. At that time demand was made of him for information concerning the manner of his obtaining the $500 and he then signed a number of papers. He read none of them, made no payment but when he later returned he was told that he must sign more papers, one of which was marked "cash deal." Later he received a copy of the contract showing that he had paid $500 in cash as a down payment and there was a balance of $300 yet to be paid. While officer Sheets was under cross-examination by appellant's counsel, he testified that 17 complaints had been made against appellant since the first of January, 1942. While most of the conferences had by the witnesses at the place of business were with employees of appellant, yet when demand was made for a modification of the contract appellant personally refused the modification and finally yielded only after complaint had been filed with respondent board.

█ It is urged that the transactions proved were conducted by the employees of appellant and that he took no part therein. But appellant was responsible for the conduct of his employees in the purchases or sales of used automobiles. He cannot avoid his own responsibility by pleading that the abuses of his permit were committed by those he trusted. In such transactions, section 24.03 provides that every person operating under this section "shall be held strictly responsible for the conduct of his employees insofar as the sales or purchases of used automobiles or motor vehicles are concerned." █ Moreover, it is the general rule that a principal is liable for the torts of his agent committed within the scope of his authority under the doctrine of *respondeat superior*. (1 Cal.Jur. 837.) It has been held that for a sale of liquor by a clerk with a knowledge of his employer the latter is criminally liable. (*In re Souza*, 65 Cal.App. 9, 11 [222 P. 869].) In the prosecution of a merchant for violating the pure foods act by selling adulterated foods, the proprietor could not avoid responsibility for what was sold if he had such food in his stock and had a clerk authorized to make sales therefrom. Such sale was held to be a sale by the employer (*People* v. *Schwartz*, 28 Cal.App.2d Supp. 775, 781 [70 P.2d 1017]). See 43 L.R.A.N.S. 2 where the author of the note states that it is well settled that a principal may under certain circumstances be held liable criminally for an action by the hand of his servant acting either under his

direct authority or with his consent or even in disobedience of orders. ▮ Appellant's answer to the testimony, that the blanks in the written documents were filled in by appellant after signature by the purchasers, is that it was authorized by section 3095 of the Civil Code. Neither that statute nor any other authorizes the alteration of an instrument by any person after signature of the promisor unless he be specifically directed to make the insert or other alteration. (1 Cal.Jur. 1073, 1087; *C.I.T. Corporation* v. *Glennan,* 137 Cal.App. 636, 639 [31 P.2d 430].)

There is nothing in the record of the trial before respondent board to show that any prejudicial evidence was received. On the contrary, all testimony that was hearsay or irrelevant was excluded. Appellant had full opportunity to present all of his evidence. His offer to stipulate to the revocation of appellant's license in the event that expert witnesses which the board might appoint should determine that the alteration complained of had been made by the hand of appellant is not an approved method of ascertaining facts in controversy. The board was neither obliged to appoint such experts nor to be bound by their testimony if appointed.

▮ In reviewing the decision of a local administrative board, the court has to determine merely whether there is substantial evidence in the record to support the findings of the board. (*Walker* v. *City of San Gabriel,* 20 Cal.2d 879 [129 P.2d 349]; *Dierssen* v. *Civil Service Commission,* 43 Cal.App.2d 53 [110 P.2d 513].) The Dierssen case held that in order to make a successful attack upon the decision of an administrative commission it must be alleged and proved that the tribunal acted fraudulently, capriciously, or arbitrarily, and that the findings will not be disturbed if the board had any substantial evidence to sustain the decision. There is neither allegation nor proof in the record to support such attack upon the order of respondent board.

▮ (4) There was no want of due process of law. All of the requirements of due process were complied with, including service of the complaint and notice of hearing, right of representation by counsel, a full and complete hearing of all the evidence offered, and the privilege of cross-examination. ▮ While the decisions of administrative boards are subject to a review by the courts, their judgments have constitutional support. The conduct of the multitudinous affairs of a complex society requires the establishment of boards and

commissions to ascertain and determine facts. When they perform that function without prejudicial error in the proceedings their findings are determinative and their judgments are final. It is only when the record discloses the admission of incompetent evidence, the rejection of valuable proof at the trial, or other arbitrary conduct on the part of the administrative tribunal that courts will intervene in controversies between such boards and their licensees. If upon the showing made by the petition for mandate or review it appears that the trial was capriciously conducted the superior court will retry the case. If the ends of justice would be served by hearing additional evidence proposed by the petitioner the court may in the exercise of a sound discretion receive such evidence upon a showing that in the exercise of reasonable diligence it could not have been presented at the trial before the board. (*Dare* v. *Board of Medical Examiners,* 21 Cal.2d 790, 799 [136 P.2d 304].) Inasmuch as the record of the trial of this case before respondent board showed no abuse of the rights of petitioner before the police commissioners, no further trial of fact was required of the court below and the right of due process was not violated by sustaining the demurrer without leave to amend.

(5) There was no occasion for a trial de novo, if appellant means thereby a rehearsal of all the testimony heard by the board. If a trial anew were a matter of right there would be no place in the scheme of government for administrative tribunals. Such a trial following the issuance of an alternative writ contemplates a consideration of the evidence taken before the board whose function is important in supervising the activities of licensed businesses, investigating and disciplining them, and in conducting hearings, determining facts and making orders. (*Whitten* v. *State Board of Optometry,* 8 Cal.2d 444, 446 [65 P.2d 1296, 115 A.L.R. 1]; *Dare* v. *Board of Medical Examiners, supra,* p. 864.) If appellant presented all of his evidence before the board it was considered by the court below. If he did not present it he may not have a trial de novo merely to gain the chance of a court's reaching a conclusion contrary to that of the board. The law looks with disfavor upon a litigant who, having been cited before an administrative board, withholds his evidence for only judicial ears. (*Dare* v. *Board of Medical Examiners, supra.*)

(6) Finally, there was no abuse of discretion in sustaining the demurrer without leave to amend. From the reci-

tals in this discussion it must appear that the phonographic record discloses a fair trial upon the complaint. No proposal was made in the petition that any designated evidence would overcome the testimony before the board. No witness was named. No document was suggested that would tend to establish that appellant had not approved of the alteration of signed instruments and of fraudulent misrepresentations, or that he had not disobeyed any law relating to the conduct of used car dealers. If he had such proof it was incumbent upon appellant to allege its availability and his reason for not offering it at the hearing. Failing thus to enliven his amended pleading it was proper to deny him further opportunity to amend. He was not entitled to a writ merely for the asking. He was required to plead such facts as would show that his rights had been abridged by the police commissioners. He failed to do so although he attached the reporter's transcript of the hearing. Just as the superior court may exercise a wise discretion in granting or denying either the alternative or the peremptory writ (*Dare* v. *Board of Medical Examiners, supra; Bartholomae Oil Corp.* v. *Superior Court,* 18 Cal.2d 726 [117 P.2d 674]), by the same process it may conclude that further efforts to state a cause of action would be idle in view of the insipid showing made by appellant as against the testimony adduced against him.

The further attack on the ground that the board had prejudged the guilt of appellant is answered by the foregoing. Intelligent inquiries or observations by a board member during the course of the trial of a permittee are not alone proof that the issue has been prejudged.

Judgment affirmed.

McComb, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied September 20, 1943.