[Civ. No. 5691. Second Appellate District, Division Two.—April 14, 1930.]

MARGARET MUNSON, Respondent, v. W. H. KIRBY et al., Appellants.

Parker, Moote & Longcroft, Noren Eaton and Moote & Longcroft for Appellants.

C. Ray Noll for Respondent.

NORTON, J., *pro tem.*—This is a suit by plaintiff to recover a broker's commission for the sale of certain real property sold by defendants to the American-born children of one K. Muto, a native of Japan. In the Superior Court judgment was rendered in favor of plaintiff and from that judgment this appeal is prosecuted.

Appellants make the point that the evidence was insufficient to support the judgment in that there was no evidence that Thomas Munson, who conducted the negotiations upon which plaintiff bases her claim, was actually an agent of or in the employ of plaintiff at the time of these negotiations, nor that the listings of the property for sale made by appellants were made with plaintiff, nor any evidence that either Thomas Munson or plaintiff or anyone acting for her actually procured the purchaser to whom appellants sold the property.

The evidence in this case is to some extent conflicting, but after a careful examination of the testimony, this court has no doubt but that there is ample evidence to sustain the findings of the trial judge in all the particulars complained of by appellants. The testimony and all the circumstances and evidence in the case indicate strongly that the two listings of the property executed by appellants must have been intended and understood by all parties to have been with plaintiff, and that Thomas Munson was acting for her and as her employee. There is likewise sufficient evidence to justify the trial judge in his conclusion that the original contract between seller and purchaser was initiated by plaintiff's employee and that the purchaser was actually procured by him acting for plaintiff. Due, perhaps, to defective knowledge of the English language on the part of K. Muto, the testimony is not clear and definite as to the status of his relations during the negotiations with his cousin H. Muto, who to some extent appears to have represented him during the transaction. It is apparent, however, from the evidence that H. Muto was, during his association with the transaction, acting with the consent of and for K. Muto, who furnished the funds to purchase the property, and in the opinion of this court, the conclusion of the trial judge that the plaintiff was the procuring and inducing cause of the sale, is fully sustained by the evidence.

Appellant specifies certain rulings of the court in excluding and admitting evidence which are alleged to be error, but in the opinion of this court the contention of appellant in this regard is without merit.

A more serious ground for reversal urged by appellant is the claim that plaintiff failed to allege in her complaint and also failed to prove that she was a duly licensed

real estate broker at the time the alleged cause of action arose, as required by section 20 of the Act of 1919 (Stats. 1919, p. 1259), creating a State Real Estate Department and regulating real estate brokers and salesmen. Plaintiff in her complaint apparently attempted to plead compliance with this act, but her allegations in this regard are criticised by appellants as not being a statement of her status as a real estate broker at the time the cause of action arose. The complaint was verified and no denial of the allegations therein contained in this behalf was made in the answer. At the commencement of the trial plaintiff's attorney stated the licensing of plaintiff in practically the language of the complaint and asserted that it was admitted by the pleadings and further replied in the affirmative to the question of the trial judge as to whether plaintiff was licensed to sell real estate as provided by the statute. Immediately thereafter attorney for appellant moved to dismiss as to one defendant on the ground that the pleadings set forth no cause of action against her, but made no mention of the alleged defect which is complained of on this appeal. The point was not made at any subsequent phase of the trial, and, so far as disclosed by the record, is raised for the first time on appeal to this court.

We cannot escape from the conclusion that the action was tried on the theory that the allegations of the complaint were sufficient to comply with the statute and were admitted by the parties to the action. There is no question but that the attorney for plaintiff so believed and that the trial judge was led to concur in this belief, apparently with the knowledge and acquiescence of defendants' counsel.

In the circumstances, any doubt as to the sufficiency of the pleadings and proof should be resolved against the appellant. (*Houston* v. *Williams*, 53 Cal. App. 267, at p. 272 [200 Pac. 55]; *Cushing* v. *Pires*, 124 Cal. 663 [57 Pac. 572]; *Collection Service Corp.* v. *Conlin*, 98 Cal. App. 686 [277 Pac. 749].)

The judgment is affirmed.

Craig, Acting P. J., and Thompson (Ira F.), J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 14, 1930, and a peti-

tion by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 12, 1930.