[Civ. No. 19185.   First Dist., Div. Two.   Dec. 12, 1960.]

PRUDENTIAL REALTY AND FINANCE COMPANY (a Partnership) et al., Respondents, v. CLAREWOOD COMPANY (a Corporation), Appellant.

Robert J. Foley, Lawrence D. Saler and Richard L. Doutt for Appellant.

M. Jack Rankin for Respondents.

DRAPER, J.—Defendant appeals from a judgment awarding plaintiffs $12,000 as commission upon a sale of real estate.

By deposit receipt dated October 13, 1958, plaintiff brokers acknowledged receipt of deposit on purchase of defendant's land on specified terms and conditions, and the depositor agreed to buy. On the same day, defendant vendor endorsed on the receipt his agreement to sell and to pay the brokers $12,000 as commission. The printed portion of the receipt form contained language requiring that balance of purchase price "be paid within ____ days." The figure "3" was written in the blank. The printed receipt also provided that the brokers might, "without notice, extend the time for an additional period of thirty days." On November 4, more than three but less than 33 days from date of the agreement, defendant vendor wrote the escrow agent, seeking to terminate the escrow on the ground that the payment required three days after agreement had not been made. On November 5, the purchaser deposited in escrow a portion of the cash payment required, together with note and deed of trust. On November 13, the buyer's bank deposited balance of the required cash payment.

Defendant first contends that buyer was to have only three days to make the cash payment. He argues that the figure "3" written in ink is inconsistent with the printed provision for a 30-day extension, and thus controls. ▮ But he overlooks the fact that Civil Code, section 1651, upon which he relies, requires disregard of printed portions of an agreement only when they "are absolutely repugnant" to the written portions. The rule is that in the absence of such absolute inconsistency the separate portions should be reconciled if reasonably possible (*University of Southern Calif.* v. *Bryson,* 103 Cal.App. 39, 45 [289 P. 949]). ▮ Here there is no inconsistency between the provision fixing an initial date and that authorizing an extension. Both can and clearly should be given effect. When this is done, under the facts here established, the purchaser had 33 days to make his cash payment. He performed within this time.

▮ Defendant also contends that the broker's right to commission was contingent upon completion of the sale, and that since this contingency did not occur there is no obligation to pay (*Lawrence Block Co.* v. *Palston,* 123 Cal.App.2d 300 [266 P.2d 856]). But in our case the trial court found, upon substantial evidence, that consummation of the sale was prevented by the action of defendant. A seller cannot escape

his obligation to pay a commission by wilful refusal to complete the contract of sale which he has executed (*Collins* v. *Vickter Manor, Inc.,* 47 Cal.2d 875, 881 [306 P.2d 783]; *Coulter* v. *Howard,* 203 Cal. 17, 23 [262 P. 751]; and see *Swanson* v. *Thurber,* 132 Cal.App.2d 171, 177 [281 P.2d 642]). It has been pointed out that in *Block* there was in fact no binding agreement between buyer and seller to support the broker's claim to commission (*Mattei* v. *Hopper,* 51 Cal.2d 119, 125 [330 P.2d 625]), but we are content here to distinguish *Block* upon the ground that a seller cannot rely upon his own prevention of performance to defeat the broker's claim as defendant in the case at bar seeks to do.

Defendant also argues that the buyer was to complete a loan and pay the proceeds into escrow. The contract may be ambiguous, as are so many drawn by laymen who choose not to seek legal assistance. But even if it requires the construction urged by defendant, he is not benefitted. The trial court found that he prevented performance, and the finding is broad enough to cover the buyer's claimed obligation to complete a loan and to pay cash in excess of that apparently required by the deposit receipt.

The complaint alleged that plaintiff partners "are real estate brokers duly licensed under the laws of the State of California." The pretrial conference order recites admission of the allegation "as to existence and members of the partnership and their license." Defendant now argues that the proof is fatally defective because it fails to show that plaintiff partnership was licensed on the day of sale. No such point was raised or even remotely suggested in the trial court. The complaint is technically defective in alleging only that plaintiff partners "are licensed," and in omitting the usual phrase "and at all times herein mentioned were" so licensed. But by stipulating as to the license of plaintiffs, and by failing to suggest its objection at trial, defendant has lulled plaintiffs into failing to establish a fact which apparently could readily have been shown. We see no reason to honor this belated afterthought (see *Munson* v. *Kirby,* 105 Cal.App. 213, 215 [287 P. 133]).

With even less merit, appellant argues that "the trial court committed prejudicial error in stating its opinion from the bench before permitting argument." In fact the trial judge followed the helpful and admirable practice of stating the points he considered material and indicating wholly tentative

views in order to permit counsel to direct their arguments to determinative matters. He left counsel wholly free to argue any issues they felt relevant.

No conceivable error appears.

Judgment affirmed.

Kaufman, P. J., and Shoemaker, J., concurred.