[L. A. No. 8291. In Bank.—December 8, 1928.]

HARRY W. ANDREWS et al., Appellants, v. FANNIE GLICK, Respondent.

Irving C. Taplin for Appellants.

Overton, Lyman & Plumb for Respondent.

WASTE, C. J.—This action to foreclose a mechanic's lien terminated in the court below with the entry of a judgment of dismissal, from which the plaintiffs have appealed. Defendant Glick in her answer admits those allegations of the complaint wherein it is set forth that the plaintiffs Harry W. Andrews and Frank Cordano have been transacting business as copartners under the name of "Andrews-Cordano Plumbing Company." However, by way of affirmative defense it is averred that said partnership had failed to file and publish the certificate required by section 2466 of the

Civil Code. The interposition of this defense, coupled with a motion to dismiss for the same reason, resulted in the entry of the judgment appealed from.

Plaintiff's contention that the trial court could not, in advance of the introduction of evidence, pass upon the question of law thus presented is wholly without merit. The introduction of evidence would not, in any manner, assist in the solution of the problem, for the proposition of law was definitely shaped by the pleadings. The object of section 2466, *supra,* is that public notice shall be given and a public record made of the individual members of partnerships with such definiteness and particularity that those dealing with them may at all times know who are the individuals with whom they are dealing or to whom they are giving credit or becoming bound. (*Meads etc. Co.* v. *Lasar,* 92 Cal. 221, 226 [28 Pac. 935].)

It remains but to determine whether, within the meaning of that section, the name "Andrews-Cordano Plumbing Company" is a "fictitious name, or a designation not showing the names of the persons interested as partners." The name is not, of course, fictitious. (*Spreckels* v. *Grace Darling Hospital Assn.,* 28 Cal. App. 646, 648 [153 Pac. 718].) It has, upon numerous occasions, been held that a name, such as "Pendleton & Williams," is neither fictitious nor one failing to designate the partners. (*Pendleton* v. *Cline,* 85 Cal. 142, 144 [24 Pac. 659] ; *Carlock* v. *Cagnacci,* 88 Cal. 600, 601 [26 Pac. 597] ; *McLean* v. *Crow,* 88 Cal. 644, 647 [26 Pac. 596] ; *Lamberson* v. *Bashore,* 167 Cal. 387, 391 [139 Pac. 817].) In other words, it is definitely settled in this state that the usual form of partnership name consisting merely of the surnames of the partners, joined by "&" or "and," is not an assumed or fictitious name, or a designation not showing the names of the persons interested as partners. However, the name "Abrams Bros." has been held not to definitely designate the persons interested as partners. (*North* v. *Moore,* 135 Cal. 621, 623 [67 Pac. 1037].) It is there declared: " 'Abrams Bros.' cannot be said to be a designation 'showing the names of the persons interested as partners.' The firm name might apply equally to a partnership composed of two or more and might embrace all or only some of the brothers of the name of Abrams." In our opinion, this quotation is peculiarly per-

tinent to the present case, for, while it so happens that the name "Andrews-Cordano Plumbing Company" designates the names of all the persons interested as partners, it might equally as well apply to a partnership composed of more than two persons. In other words, this name, in and of itself, does not necessarily inform third persons desirous of transacting business with the partnership of the exact membership thereof. This is borne out by the case of *Meads etc. Co.* v. *Lasar, supra,* wherein it appeared that the name "Meads, Seaman & Co." designated only two of the three members of the firm. This court, in *Schwarz & Gottlieb* v. *Marcuse,* 175 Cal. 401, 403 [165 Pac. 1016], disapproved the holding in *Patterson* v. *Byers,* 17 Okl. 633 [10 Ann. Cas. 810, 89 Pac. 1114], wherein it was declared that the name "Patterson Furniture Company" definitely disclosed the members of the partnership to be named "Patterson." In criticising the conclusion there announced, this court stated that "Evidently the learned justice who wrote that opinion overlooked the fact that commonly the title 'Patterson Furniture Company' might indicate a corporation or partnership in which the stockholders or members might or might not be Pattersons." So it is in the instant case. The name "Andrews-Cordano Plumbing Company" might designate either a corporation or a partnership, the names of the stockholders or members of which need not necessarily appear in its title. We conclude, therefore, that the provisions of section 2466, *supra,* should have been complied with by the plaintiff partnership, and its failure in this regard is fatal to the maintenance of this suit.

For the foregoing reasons the judgment is affirmed.

Preston, J., Curtis, J., Langdon, J., Shenk, J., Seawell, J., and Richards, J., concurred.