[Civ. No. 5124. Second Appellate District, Division Two.—May 8, 1929.]

COLLECTION SERVICE CORPORATION, Respondent, v. CLARENCE B. CONLIN, Appellant.

E. R. Simon and William M. Morse, Jr., for Appellant.

A. P. Michael Narlian, Harold N. Nuzum, Joseph N. Beardslee and A. Smallberg for Respondent.

THOMPSON (IRA F.), J.—The plaintiff recovered a judgment in the court below in the sum of $497.70 against the defendant upon an open book account, the plaintiff being the assignee of the "Alles Printing Company" and the defendant appeals therefrom.

■ The first contention of appellant is that there is no finding that any certificate of fictitious name was ever published as required by sections 2466 and 2468 of the Civil Code, by the "Alles Printing Company," respondent's assignor, and no proof of compliance with those sections. The court did find as follows: "That at all times herein mentioned, Fred L. Alles was doing business under the registered fictitious name of Alles Printing Company." The answer not only denies the allegation of the complaint to which the finding is in form responsive, but also "alleges that the Alles Printing Company is a concern doing business under a fictitious name and that they have not complied with the statutes made and provided for in such cases." There is no finding upon this allegation, in so far as the statute relates to publication—conceding without deciding that the finding that the fictitious name was registered was equal to a finding that it was filed, as required by the statute—and no evidence in the record to justify a finding that the name was published. Our attention is naturally directed first to the indefinite and uncertain nature of the allegation of the answer. It is without doubt subject to criticism and should have been the object of an attack by the respondent in the lower court. However, it was not. In fact, at the very beginning of the trial, counsel for defendant resisted the introduction of any testimony until proof had been made of compliance with the sections of the code already mentioned. Both court and counsel for respondent accepted the allegation as putting in issue the question whether there had been a publication of the certificate and a filing of the affidavit of publication. The theory upon which the cause was tried was that where the name of the party who owns the business is used in the name of the company, the name is not fictitious and compliance with the code sections is unnecessary. Under such circumstances it would be manifestly improper for the appellate court to determine the pleading to be insufficient to put the fact in issue. (*Illinois*

*Trust & Sav. Bank* v. *Pacific Ry. Co.,* 115 Cal. 297 [47 Pac. 60]; *Gervaise* v. *Brookins,* 156 Cal. 110 [103 Pac. 332]; *Fighiera* v. *Radis,* 180 Cal. 660 [182 Pac. 418].)

Counsel for respondent after failure to produce to the trial court a case sustaining his theory that where the name of the party who owns the business is used in a company name, compliance with the code sections is not essential to the maintenance of the action, offered in evidence a "certified copy of the record," which record consisted solely of a certificate signed by Fred L. Alles that he was doing business under the fictitious name of "Alles Printing Company" without any affidavit of publication as required. We are therefore brought directly to the question whether the designation used is in the eyes of the law fictitious so as to require the certificate to be published. It would serve no useful purpose for us to discuss at length the meaning of the word fictitious for the reason that our supreme court has definitely established the law applicable to the instant situation. In *North* v. *Moore,* 135 Cal. 621 [67 Pac. 1037], it said: "'Abrams Bros.' cannot be said to be a designation 'showing the names of the persons interested as parties.' The firm name might apply equally to a partnership composed of two or more and might embrace all or only some of the brothers of the name of Abrams." In *Schwarz & Gotlieb, Inc.,* v. *Marcuse,* 175 Cal. 401 [165 Pac. 1015], in which case it was held that it was necessary to publish the certificate and file the affidavit where the name P. H. Murphy & Son was used, the court took occasion in commenting upon the opinion in *Patterson* v. *Byers,* 17 Okl. 633 [10 Ann. Cas. 810, 89 Pac. 1114], to say with reference thereto as follows: " . . . the last case . . . announces the remarkable conclusion that 'Patterson Furniture Company' shows that there is a company composed of persons whose surname is Patterson; and that 'it further shows that there are no other members of the firm except those whose surname is Patterson.' Evidently the learned justice who wrote that opinion overlooked the fact that commonly the title 'Patterson Furniture Company' might indicate a corporation or copartnership in which the stockholders or members might or might not be Pattersons." And again, in *Andrews* v. *Glick,* 205 Cal. 699 [272 Pac. 587], it was held that those using the

name "Andrews-Cordano Plumbing Company" could not maintain an action until after compliance with the sections of the code for the reason that the name does not inform third persons of the exact membership of the company. These quotations are peculiarly pertinent to the designation under consideration and conclude respondent's argument in this particular. The farthest our courts have gone is to say that those partnership names are not assumed or fictitious in which the surnames of all the partners are used and joined together by the conjunction and, such, for example, as "Pendleton & Williams." The action cannot, therefore, be maintained in the absence of a compliance with the requirements of the sections already mentioned.

■ The next contention of appellant is that an assignment to the respondent by the "Alles Printing Company" was not proved, the trial court having found that it was. There was proof that Fred L. Alles owned the business and operated under that name. There was proof that he signed and executed the assignment. This was sufficient to justify the finding complained of.

Other specifications of insufficiency of the evidence are made. We have examined each of them and find that there was sufficient to uphold every finding of the court attacked in this manner.

Judgment reversed.

Works, P. J., and Craig, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 6, 1929.