[Civ. No. 7144. First Appellate District, Division One.—September 26, 1930.]

H. COHEN et al., Respondents, v. IRVING S. LEVY et al., Appellants.

Owen D. Richardson and Donald B. Richardson for Appellants.

John J. Jones for Respondents.

THE COURT.—Plaintiffs brought this action as copartners to collect a balance of $1335.72 claimed to be due for the sale and installation of store fixtures. Defendants denied the alleged indebtedness and set up a counterclaim for damages in the sum of $1500, alleging that said fixtures had not been installed in conformity with the written contract theretofore entered into between the parties, nor in a workmanlike manner. After deducting the sum of $335.72 as damages from plaintiffs' demand, the trial court entered judgment in their favor for $1,000, from which judgment defendants appeal, contending as the single ground for reversal that the evidence is legally insufficient to establish the fact that prior to the commencement of the action plaintiffs filed and published a certificate of partnership in conformity with the requirements of sections 2466 and 2468 of the Civil Code. We are of the opinion that this contention must be sustained.

The partnership was formed in 1920 under the fictitious name of San Francisco Show Case Co. Its principal place of business was in San Francisco. At that time section 2466 of the Civil Code required every partnership operating under a fictitious name to file with the county clerk of the county wherein its principal place of business was located a certificate stating the names in full and the places of residence of all the members of such partnership, and to publish such certificate for four successive weeks in a newspaper in the same county, etc.; and section 2468 of the same code declares that until such certificate is filed and published the persons doing business under the fictitious name are precluded from maintaining any action upon or on account of any transaction had under the fictitious name.

■ Furthermore, it has been held that where the complaint in an action instituted by persons operating under such a partnership alleges compliance with the provisions of said code sections and such allegations are denied in the answer, an issue on that point is thereby tendered without interposing a plea in abatement; and that thereupon the burden is cast upon the plaintiffs to prove the affirmative of the issue, or upon their failure so to do, a judgment in their favor will be reversed (*Rudneck* v. *Southern California etc. Co.,* 184 Cal. 274 [193 Pac. 775], and cases therein cited).

■ In the present case the issue mentioned was raised by appropriate allegations in the complaint and a denial thereof in the answer; and for the purpose of proving the issue plaintiffs introduced in evidence, over the objection of defendants, a certified copy of certain entries made in the register of names and firms and persons and individuals transacting business under a fictitious name, kept in the office of the county clerk of the city and county of San Francisco; and with reference to the publication of said certificate the entry recites merely that on October 28, 1920, an "affidavit of publication" was filed. But neither the original nor any copy of the affidavit was produced, nor was evidence *aliunde* introduced to prove in what county, if at all, or when or for what period of time said certificate had been published; consequently, there is no evidence whatever in the record from which it may be reasonably inferred that said certificate was ever published as required by said code sections.

■ Plaintiffs ask, however, that in the event of defendants' point being sustained, the court, in its judgment of reversal, restrict the retrial of the action to the issue above mentioned, as was done in the case of *Rudneck* v. *Southern California M. & R. Co., supra;* or, without reversing the judgment, that this court make an order pursuant to section 956a of the Code of Civil Procedure to take testimony upon and to determine said issue here. In view of the fact that all of the other issues in the case were fully tried and determined and that, admittedly, there is sufficient evidence to support the trial court's findings thereon, and in order to bring about an early termination of the litigation, we are inclined to grant plaintiffs' request, to take the testimony pursuant to section 956a. But as the matter now stands,

defendants have presented a meritorious appeal, and, consequently, are entitled to recover costs on appeal, which, upon a reversal of the judgment, would be granted to them as a matter of right, even though the retrial of the action were limited to the single issue mentioned; whereas, if the judgment be not reversed and an order be made pursuant to section 956a to take the testimony upon said issue here, which ultimately results in an affirmance of the judgment, defendants will be required to bear all of the expenses of appeal, notwithstanding that their appeal is meritorious. This, we think, would be unjust.

It is ordered, therefore, that the judgment be reversed and that the retrial be restricted to the single issue of whether or not plaintiffs have complied with sections 2466 and 2468 of the Civil Code, and upon a determination of that issue that judgment be entered accordingly; unless within twenty days after the filing of this decision plaintiffs pay unto defendants the costs of appeal thus far incurred and within said time file with this court satisfactory evidence of such payment having been made, in which event the judgment of reversal will be set aside and an order made pursuant to section 956a of the Code of Civil Procedure to hear and determine the issue above mentioned.