[Civ. No. 5191. Fourth Dist. Sept. 21, 1956.]

JOSEPH R. HIXSON et al., Plaintiffs, v. DELTA M. BOREN, Appellant; WILLIAM LEE FARRIS et al., Respondents.

Sloane & Fisher for Appellant.

Huntington P. Bledsoe and Morris Sankary for Respondents.

GRIFFIN, Acting P. J.—In the original complaint for declaratory and injunctive relief filed July 30, 1953, by Joseph R. Hixson et al., including William Lee Farris and Helen Sue Farris, it is alleged that, in a representative capacity, they represent several war veterans who had formed a protective committee to test the validity of several hundred promissory notes ranging from $130 to $150 each, which were signed by such veterans as a secret side agreement over and above the agreed purchase price of the home that each was purchasing under a loan guaranteed by the United States government (Service Men's Readjustment Act of 1944) ; that these notes were made payable to the Hubner Building Company, ·a co-

partnership, the grantor of the property; that about 1952, after the notes were past due and in default, defendant and appellant Delta M. Boren acquired from the Hubner Building Company, a thousand or more of the notes by assignment to her without recourse.

It appears from the files that defendant Delta M. Boren et al., were successful in obtaining a ruling that such a representative suit would not lie in such a declaratory relief action under the pleadings as thus framed. The court allowed plaintiffs to amend but they refused. No judgment of dismissal followed. After several months defendant Boren, severing from her codefendants, then filed an answer and cross-complaint against William Lee Farris and wife, and therein stated that she "waived" the court's ruling in her favor and alone answered and denied generally the allegations of the first amended complaint. She alleged there was an actual controversy between plaintiff Hixson, the other veterans, and her concerning their liability on the notes, and by way of cross-complaint alleged that prior to December 9, 1952, Hubner Building Company was a copartnership engaged in the acquisition of lands in San Diego and the sale of such lands and buildings built thereon to veterans, and that E. J. Hubner and Ione C. Hubner, prior to the commencement of this action, caused to be filed and published, as required by section 2466 of the Civil Code, a certificate of fictitious name showing themselves to be the partners composing such partnership. She alleged the due execution of a $150 note by the Farrises on March 10, 1951; that it was for advances of money made by Hubner Building Company for certain costs agreed upon by the parties; that no fraud was committed and no conspiracy existed between her and any other person in relation to it; that on December 9, 1952, for a valuable consideration, Hubner Building Company transferred and assigned said note to her; and accordingly she claimed judgment against them and sought a declaration of her rights in respect to this and any other such outstanding notes.

The cross-complaint withstood an attack by demurrer and motion to strike. In Farris' answer to the cross-complaint, among other claimed defenses, it is pleaded as a special defense that Hubner Building Company was, at the time therein referred to, a copartnership, but it is denied that any of the partners thereof "ever, at any time prior hereto, caused to be filed or published as required by, or have fulfilled any of the requirements of section 2466 Civil Code." It is alleged

in this regard that "the true partners were E. J. Hubner, Alton B. Jackson and Wrelton L. Clarke."

By amendment to the cross-complaint Mrs. Boren alleged that title of cross-defendants and all persons represented by them was derived solely from conveyances from Hubner Building Company, a copartnership composed of E. J. Hubner and Ione C. Hubner, and the notes were given in connection with this conveyance; that by their actions cross-defendants waived the necessity of filing and publishing any different certificate of fictitious name; that prior to December 9, 1952, when she purchased the notes, cross-defendants knew that Ione C. Hubner, E. J. Hubner, Clarke and Jackson had some interest in the assets of the copartnership; that cross-complainant did not discover the details of the relationship between E. J. Hubner and Ione C. Hubner and the other individuals named until the cross-complaint was filed and that cross-defendants, as well as other purchasers were estopped from showing any partnership relationship except that appearing on the public records. It was further alleged that Delta M. Boren, during the trial, caused to be published a certificate of partnership in accordance with section 2466 et seq. of the Civil Code, showing that between September 26, 1950, and June 7, 1951, Hubner, Clarke and Jackson were partners authorized to transact business under the name of Hubner Building Company.

In answer thereto cross-defendants denied generally these allegations and alleged that Mrs. Boren did know of the precise relationship and the actual partners at all times; that she knew a false certificate of partnership was filed and that it was for the sole and deliberate purpose of misleading and defrauding cross-defendants and to hide the true facts in relation to the members of said partnership from them and the public in general; and that she was a party to the filing of such false certificate through her own attorney and it was for the purpose of pretending that Jackson and Clarke were not copartners when, in fact, they were. They denied that they should be estopped from claiming this special defense, and alleged that cross-complainant should be estopped, by reason of her participation and knowledge of the true facts, from asserting that said partnership was other than one existing between Hubner, Clarke and Jackson; that the subsequent certificate of partnership was void, invalid, and had no effect on the present action.

Apparently the trial court postponed the trial of all issues

and proceeded to trial on the issues presented by the special defense and held that both Jackson and Clarke were in fact partners in this transaction and that the certificate of copartnership, as published, was not a true certificate, was false and fictitious, and did not disclose the names of the true partners; that these facts were known by Mrs. Boren when she acquired the notes and when she offered the certificate of partnership in evidence in support of her cross-complaint that it was done deliberately, intentionally and fraudulently for the purpose of concealing from cross-defendants and the public generally the true names of the existing partners; that cross-complainant was not a holder in due course; that as assignee of said copartnership, Hubner Building Company, she took the notes subject to all defenses and equities existing in favor of the makers of said notes against said partnership; that Ione C. Hubner permitted her name to be used as one of the partners for the sole purpose of concealing the true facts; and that cross-defendants are not estopped from showing the true relationship. It then found generally that the other allegations of the amended cross-complaint were untrue and that there was no compliance by the Hubner Building Company or cross-complainant with the provisions of sections 2466, 2468, 2469 or 2469.1 of the Civil Code, and accordingly she is not entitled to maintain any action to enforce the terms and conditions of any of the notes referred to in said cross-complaint and all actions by her to enforce collection of said notes are barred by reason thereof; that by the death of one of said partners and the dissolution of the partnership it is now impossible for her to comply with said statute and accordingly no trial on the other issues joined by the cross-complaint is necessary. Judgment was entered accordingly and cross-complainant appealed.

Without setting forth the complete evidence on this subject, it appears from the testimony of Jackson that he, Clarke, and Hubner sold homes under the name of Hubner Building Company, each participating in one-third of the profits; that the only interest Ione C. Hubner had was a one-half interest she subsequently obtained in a divorce settlement of her husband's one-third share; that before the Hubner Building Company had been formed he, Clarke and Hubner had organized and each had received one-third of the shares of a corporation of that name to conduct this business; that each party contributed $7,000 cash for that purpose; that the corporation was dissolved and reorganized as a partnership and

transferred the corporate business and assets to it; that the purported partnership agreement and certificate showing Ione and E. J. Hubner to be the partners was prepared and filed in order to make it appear of record that such persons were the only partners of the partnership because "we were in the loan business. We didn't want to be in competition with our customers"; that Ione and E. J. Hubner were merely "fronting" the deal for the real partners under an oral agreement to do so; that when his loan company acted for the veterans to obtain the loans for the purchasers he never informed them that he was a partner or had any interest in the Hubner Building Company, and he acted on his attorney's advice in the manner in which the deal was brought up, the documents signed, and the false certificate filed of record and the deception practiced.

Ione C. Hubner testified she was never a partner in the building company; that Jackson, Clarke and E. J. Hubner were at all times the real partners and conducted the business of the Hubner Building Company. Mrs. Boren admitted, on cross-examination, that she previously testified in her municipal court case against Hixson that she knew Jackson and Clarke were partners with E. J. Hubner and she bought the notes in December, 1952, after discussing the sale price with them (the three partners) and that this testimony was long before she verified her cross-complaint alleging that the partnership consisted of Ione C. and E. J. Hubner.

It is Mrs. Boren's claim on this appeal that the intended position of Clarke and Jackson was fundamentally that of beneficiaries of a subdivision trust; that by reason of the acceptance of the deeds and execution of the notes payable to the grantor, the grantees and payors are bound by the recitals in the instruments and conclusively bound as to the identity and membership of the grantor and payee partnership as thus disclosed; that the failure to comply with said sections operates as a penalty and that such forfeiture penalties are not favored in law, citing section 1962 Code of Civil Procedure; section 3141, Civil Code, and such cases as *Commercial Nat. Bank* v. *Reichelt,* 62 Mont. 302 [204 P. 1037]; *People's State Bank* v. *Trombly,* 241 Mich. 199 [217 N.W. 47]; *First Federal Trust Co.* v. *Stockfleth,* 98 Cal.App. 21 [276 P. 371]; and 18B McKinney's New California Digest, page 302.

It is then argued that cross-defendants waived objection to full compliance with section 2466 et seq. of the Civil Code by untimely delay in raising the question in the pleadings, and

by their conduct.　　It is then submitted that if the findings of the trial court are sustained, said sections herein referred to are unconstitutional and preclude cross-complainant from exercising her right to the protection of the court in conducting a lawful business guaranteed by sections 11, 13, 16 and 21, article I of the California Constitution and Amendment 5 of the United States Constitution. (*Buxbom* v. *Smith*, 23 Cal.2d 535, 546 [145 P.2d 305].)

Cross-complainant concedes that she holds the notes as an assignee after maturity and would have no capacity to sue if her assignor, Hubner Building Company, had no capacity to sue.

Section 2466 of the Civil Code provides:

". . . every person transacting business in this state under a fictitious name and every partnership transacting business in this state under a fictitious name, or a designation not showing the names of the persons interested as partners in such business, must file with the clerk of the county in which his or its principal place of business is situated, a certificate, stating the name in full and the place of residence of such person and stating the names in full of all the members of such partnership and their places of residence. . . ."

Section 2468 of the Civil Code provides in part that

". . . No person doing business under a fictitious name, or his assignee or assignees, nor any persons doing business as partners contrary to the provisions of this article, or their assignee or assignees, shall maintain any action upon or on account of any contract or contracts made, or transactions had, under such fictitious name, or in their partnership name, in any court of this state until the certificate has been filed and the publication has been made as herein required."

Section 2469 of the Civil Code provides that

"On every change in the members of a partnership transacting business in this state under a fictitious name, or a designation which does not show the names of the persons interested as partners in its business, . . . a new certificate must be filed with the County Clerk. . . ."

*Andrews* v. *Glick*, 205 Cal. 699 [272 P. 587], definitely holds that the subject of section 2466, *supra*, is that public notice shall be given and a public record made of the individual members of the partnership with such definiteness and particularity that those dealing with them may at all times know who are the individuals with whom they are dealing or to whom they are giving credit or becoming bound. (See

also *Bank of America* v. *National Funding Corp.*, 45 Cal.App. 2d 320, 327 [114 P.2d 49].) The cases are numerous holding that in view of the requirements of the statute the partnership or its assignee, as the case may be, must allege and prove compliance with the statute in any suit to enforce a partnership contract or transaction, and failure to comply with the statute is fatal to the maintenance of the action by either the assignor or the assignee.

■ In the absence of proof by the cross-complainant of compliance with the statute, or upon a showing that a certificate filed does not comply with the statutory requirements, the cross-complainant may not proceed further or recover judgment. (See *North* v. *Moore*, 135 Cal. 621 [67 P. 1037]; *Collection Service Corp.* v. *Conlin*, 98 Cal.App. 686 [277 P. 749]; *Cohen* v. *Levy*, 108 Cal.App. 524 [291 P. 864]; *Rudneck* v. *Southern Calif. M. & R. Co.*, 184 Cal. 274 [193 P. 775]; *Sweeney* v. *Stanford*, 67 Cal. 635 [8 P. 444].)

A false certificate obviously does not comply with the statute and by its very nature cannot constitute compliance. The statute requires not only the names of the persons comprising the fictitious partnership but they must be stated truthfully. A person should not be permitted to do business under a fictitious name and be protected by a certificate which falsely represents the names of the partners to be some other persons. The very object of the statute would be thwarted if such evasion of the statute were countenanced. (*Schwarz & Gottlieb, Inc.* v. *Marcuse*, 175 Cal. 401 [165 P. 1015].) This prohibition applies to an action for declaratory relief by an assignee as well as to the maintenance of another type of action. (*Bank of America* v. *National Funding Corp.*, 45 Cal.App.2d 320, *supra.*)

The court's finding that neither the partnership nor the cross-complainant had made timely and truthful compliance with section 2466 of the Civil Code is sufficiently established.

■ Originally, partnerships and individuals were not permitted to do business under fictitious names. The right to do so is a creature of statute and before a suit may be maintained by a fictitious partnership the Legislature has the right to prescribe certain conditions. ■ These conditions are not unconstitutional, as claimed. (*Schwarz & Gottlieb, Inc.* v. *Marcuse, supra.*)

The trial court found, upon sufficient evidence, that cross-defendants were not estopped from raising this question at the time indicated. We cannot hold, as a matter of law, to

the contrary. The burden of proof of compliance was upon plaintiff. (*Rudneck* v. *Southern Calif. M. & R. Co.*, 184 Cal. 274, 281, *supra*.) By the mere acceptance of the deeds and the execution of the notes it cannot be conclusively presumed that the Hubner Building Company complied with section 2466 et seq. of the Civil Code, entitling it to maintain an action on the notes. This sufficiently disposes of the main contentions raised on this appeal.

Lastly, it is argued that the court erred in the terms of the findings and the judgment by reciting therein that this declaration applied to all of those certain promissory notes executed and delivered by purchasers of homes from the Hubner Building Company, a copartnership, to said partnership during the years 1950, 1951 and 1952, purportedly as part of the purchase prices thereof, or expenses incurred in connection therewith. The contention is that the trial court erred in the attempt to tie cross-complainant's hands in other actions and other courts in which actions she maintains compliance with the fictitious name statute might be waived by the defendants therein sued. There is merit to this claim and the declaration should not apply other than to those involved in the present proceeding.

As thus modified the judgment is affirmed. Respondent to recover costs.

Mussell, J., concurred.

A petition for a rehearing was denied October 10, 1956, and appellant's petition for a hearing by the Supreme Court was denied November 14, 1956.